## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action Number: _____

NOEL BENNETT,

        Plaintiff,

vs.

JONATHON KING and
FORD MOTOR COMPANY,

        Defendants.

_____

## NOTICE OF REMOVAL
_____

    Defendants  Jonathon King ("Mr. King") and Ford Motor Company ("Ford"), by and through their undersigned attorney submit this Notice of Removal of this action from the District Court, Boulder County, Colorado, to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1444 and 1446.  The grounds for removal are:

### BACKGROUND

    1.    Mr. King and Ford are Defendants in a civil action brought against them in the District Court, Boulder County, Colorado, entitled, *Noel Bennett v. Defendants Jonathon King and Ford Motor Company*, Case Number 2019CV30567 (the "State Court Action").  (*See* Complaint, attached as Exhibit A.)  CT Systems Corporation accepted service of the Complaint for Ford on July 24, 2019.  (*See* Proof of Service on Ford, attached as Exhibit B.)

2.      On July 30, 2019, Plaintiff served Defendant King personally with a copy of the Summons & Complaint in Bedfordshire, United Kingdom.  (*See* Proof of Service on Mr. King, attached as Exhibit C.)

3.      The State Court Action seeks damages for Plaintiff's alleged personal injuries resulting from a September 13, 2016, multi-vehicle intersection collision in Aurora, Colorado. Mr. King was driving a Ford-owned company vehicle in the course and scope of his employment with Ford Motor Company Limited (UK) which collided with a Dodge Ram pickup truck in which Plaintiff was a passenger. (*See* Ex. A, ¶¶ 6, 10-12.)

## BASIS FOR REMOVAL

This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." Therefore, Mr. King and Ford can remove this case to federal court.  28 U.S.C. §1441; *Radial v. Sunborn Western Camps, Inc.*, 348 F.3d 1220, 1225 (10th Cir. 2004).

### A.      A Sufficient Amount is in Controversy

The amount in controversy exceeds $75,000 because Plaintiff alleges significant economic and non-economic damages in excess of $100,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

Plaintiff alleges that as a result of Mr. King's negligence Plaintiff has incurred past and future medical and other healthcare and rehabilitation expenses, as well as past and future loss of

earnings, loss of earning capacity, and loss of time.  (Ex. A ¶ 19.)  Plaintiff also alleges non-economic damages, including pain and suffering, inconvenience, emotional distress, and impairment to quality of life.  (Ex. A, ¶ 20.)  Under Colorado law, Plaintiff's potential recovery for these non-economic damages is capped at $466,010 but can be increased upon clear and convincing evidence to a maximum of $932,030. C.R.S. 13-21-102.5(3)(a). Plaintiff further alleges lasting physical impairment and permanent disfigurement.  (Ex. A, ¶ 21.)  Those damages are not capped under Colorado law.  Finally, Plaintiff states in his civil cover sheet that C.R.C.P. 16.1 does not apply because he is seeking damages in excess of $100,000.00.  (*See* Plaintiff's Civil Cover Sheet, attached as Exhibit D.)  *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding.").

This court has found the amount in controversy requirement is met where a plaintiff seeks recovery for damages such as "physical and emotional injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical hospital, rehabilitation and therapy bills, and doctor bills, loss of earnings and earnings capacity, permanent injury, permanent impairment, and permanent disfigurement." *Kirwan v. Home Depot U.S.A., Inc.*, Civil Action No. 16-cv-00387-WYD-CBS, 2016 WL 1376212, at *2 (D. Colo. Apr. 6. 2016) (complaint met amount in controversy requirement).  These are exactly the damages Plaintiff seeks here.  In light of the forgoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**B.      The Parties Are Diverse**

Removal is proper based on diversity of citizenship because the controversy in this case

is between Plaintiff, a citizen of the State of Colorado, on the one hand (Ex.A, ¶ 1); and citizens

of the United Kingdom (Defendant Mr. King) and the State of  Michigan (Defendant Ford), on

the other hand. (*Id.* ¶¶ 2-3.)[1]

**C.      All Other Requirements for Removal Are Satisfied**

1.      All properly joined and served defendants join in this removal.  Undersigned

counsel represents both Ford and Mr. King, and those Defendants jointly file this Notice of

Removal.  28 U.S.C. § 1446(b)(2)(A).

2.      Ford's Notice of Removal is filed within 30 days of the service of Plaintiff's

Summons and Complaint (July 24, 2019), pursuant to 28 U.S.C. § 1446(b) and is, therefore,

timely.

3.      Venue is proper in the District of Colorado, as that District embraces Boulder

County where the State Court Action is now pending.  *See* 28 U.S.C. § 1391(a)(2).[2]

4.      No previous application has been made for the relief requested herein.

---

[1] Ford is incorporated in Delaware but has its principal place of business in Dearborn, Michigan.

[2] Neither Ford nor Mr. King concede that venue is appropriate in Boulder County because the collision occurred in Aurora, Colorado (Aurora County) and Plaintiff resides in Thornton, Colorado (Adams County).

5.      Pursuant to 28 U.S.C. § 1446(a), Fed. R. Civ. P. 81(c), and D.C.Colo.LCivR 81.1, a copy of all process, pleadings, and orders that have been filed in the state court are attached. (*See* Exhibits A-E.)

6.      A Notice of Filing of Notice of Removal is being filed contemporaneously with the District Court, Boulder County, Colorado, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing Notice of Removal is attached as Exhibit F.  This Notice of Removal and the Notice of Filing of Notice of Removal will be served upon counsel for Plaintiff.

7.      In no way should this Notice of Removal be construed as an admission by Ford or Mr. King that personal jurisdiction is appropriate over those Defendants in Colorado, and Defendants specifically reserve all rights to contest personal jurisdiction.

WHEREFORE, Mr. King and Ford request that the above-described action pending in the District Court, Boulder County, Colorado, be removed to this Court.

Dated:  August 22, 2019

Respectfully submitted,

*s/ Edward C. Stewart*

Edward C. Stewart
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202
(303) 244-1800
(303) 244-1879 Facsimile
stewart@wtotrial.com

Attorney for Defendants Jonathon King and  Ford Motor Company

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2019, I filed the foregoing with the Clerk of Court through the CM/ECF system and will send notification of such filing to the following e-mail addresses:

Zach Elsner
SAWAYA, ROSE,MCCLURE &WILHITE, P.C.
1600 Ogden Street
Denver, CO 80218
zelsner@sawayalaw.com
*Attorneys for Plaintiff*

s/ *Edward C. Stewart*